Filed 8/1/25  P. v. Guevara CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JUNIOR GUEVARA,<br><br>Defendant and Appellant. | C100052<br><br>(Super. Ct. No. 23CR-900006) |

A jury found defendant Michael Junior Guevara guilty of stalking in violation of a court order, and the trial court imposed the upper term sentence of four years in prison. On appeal, defendant contends the court violated his right to a jury trial by selecting the upper term based on aggravating factors that were not proven beyond a reasonable doubt to a jury.  The People agree.  We agree with the parties and will vacate defendant's sentence and remand for resentencing.

FACTS AND HISTORY OF THE PROCEEDINGS

A jury found defendant guilty of stalking when a court order prohibited the behavior, knowing and intentional violation of a protective order, and vandalism. At the sentencing hearing, defendant requested probation or, alternatively, a lower term sentence. Defendant argued that the court could not impose the upper term sentence because no aggravating circumstances had been proven beyond a reasonable doubt to the jury. The People submitted certified copies showing defendant's prior convictions and argued the court could impose the upper term sentence based on defendant's criminal history and "the facts that the [c]ourt heard at trial."

The trial court noted that defendant had previously been convicted of three felonies and "multiple misdemeanors." The court found these convictions numerous and of increasing seriousness. Based on defendant's record, the trial court imposed the upper term sentence of four years in prison.

Defendant timely appealed from the judgment.

DISCUSSION

Defendant contends the trial court violated his right to a jury trial by imposing the upper term based on aggravating facts that were not proven beyond a reasonable doubt to a jury. The People agree, as do we.

"Under the Fifth and Sixth Amendments to the United States Constitution, 'any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.'" (*People v. Wiley* (2025) 17 Cal.5th 1069, 1078.) Penal Code "[s]ection 1170(b)(2) similarly provides that the trial court may impose a sentence exceeding the middle term only when circumstances in aggravation of the crime justify imposition of an upper term sentence, and 'the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt' at a jury or court

trial." (*Ibid.*) "[T]his jury trial right is not merely a state law entitlement, but is constitutionally required for all aggravating facts, other than a prior conviction, relied upon to justify an upper term sentence." (*Ibid.*) As relevant here, "the Sixth Amendment requires a jury determination of . . . the 'increasing seriousness' of a defendant's prior convictions," before a court can consider that aggravating circumstance. (*Id.* at p. 1082; see Cal. Rules of Court, rule 4.421(b)(2).)

"When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman* standard of review." (*People v. Wiley*, *supra*, 17 Cal.5th at p. 1087; see *Chapman v. California* (1967) 386 U.S. 18.) "Under that standard, 'a sentence imposed under . . . [Penal Code] section 1170(b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' " (*Wiley*, at p. 1087.) "Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue." (*Ibid.*)

Here, the trial court erred by finding defendant's prior convictions were increasingly serious. The People concede the error was not harmless beyond a reasonable doubt. We accept their concession and will vacate defendant's sentence and remand for resentencing. Given this disposition, we need not and do not address defendant's alternative arguments that the trial court erred by relying on aggravating circumstances that are not specifically enumerated in rule 4.421 of the California Rules of Court and were not pleaded in the charging document.

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for resentencing. The judgment is otherwise affirmed.

HULL, J.

We concur:

EARL, P. J.

KRAUSE, J.